IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      19-CR-4048 MV

KENNETH SONDERGARD,

        Defendant.

**ORDER DENYING DEFENDANT'S SEALED URGENT MOTION FOR RELEASE DUE TO RISKS ASSOCIATED WITH CORONAVIRUS**

THIS MATTER is before the Court on Defendant Kenneth Sondergard's Sealed Urgent Motion for Release Due to Risks Associated with Coronavirus filed March 30, 2020. (Doc. 23). The Court has reviewed the motion, the Government's response (Doc. 25), and the Defendant's reply (Doc. 26), and has determined that a further hearing is not necessary.  For the reasons discussed herein, the Court DENIES Defendant's motion.

Defendant has been charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(2).  (Doc. 1, Doc. 14).  He was arrested on October 16, 2019 and the Court ordered that he be detained as a danger to the community following a detention hearing on October 18, 2019.  (Doc. 10, Doc. 12).  Defendant moves for reconsideration of that decision, arguing that he is at increased risk of being infected with COVID-19 while detained and that his history of "lung conditions for which he has been seeking medical treatment since 2014 . . . necessitates his temporary release on bail until this pandemic has ended."  (Doc 23 at 1-2).  He specifically seeks release to the third party custody of his mother under pretrial supervision with electronic monitoring and home detention "should this Court feel it is appropriate. (Id. at 2.)

The Bail Reform Act provides for the temporary release of a person in pretrial custody "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reasons." 18 U.S.C. § 3142(i).  The defendant bears the burden of proof under this provision. *See United States v. Reese*, 2012 WL 13080791, *2 (D.N.M. April 2, 2012) (citation omitted); *United States v. Clark*, 2020 WL 1446895, at *2 (D.Kan. March 25, 2020) .  The Court will evaluate the "other compelling reason" standard in light of the COVID-19 outbreak utilizing the following factors: (1) the original grounds for defendant's pretrial detention, (2) the specificity of defendant's COVID-19 concerns and the immediate risk of infection, and (3) the efficacy of the proposed release plan in addressing the concerns of the Court when the original detention decision was made as well as the COVID-19 risks now present.  *See United States v. Gomez*, 19-CR-3720 RB, Order Denying Motion For Reconsideration of Detention Order, April 10, 2020 (Wormuth, MJ); *cf. United States v. Clark*, 2020 WL 1446895, at *3; *United States v. Sanchez*, 19-CR-1091, Order Denying Defendant's Motion to Modify Conditions of Release in Light of COVID-19, April 21, 2020 (Yarbrough, MJ).

## ORIGINAL GROUNDS FOR DETENTION

On September 18, 2019, detectives with the Bernalillo County Sheriff's Office (BCSO) executed a residential search warrant in reference to methamphetamine being sold by Defendant out of the home he has shared with his mother since 1998.  (Doc. 1 at 2, Doc. 8)  While BCSO detectives were in the driveway preparing to execute the warrant, a regular customer of Defendant arrived with the intention of purchasing methamphetamine from him.  (*Id.* at 3.) BCSO detectives approached the front door and announced that they were law enforcement and were there to execute a search warrant. (*Id.*)  Defendant then opened fire on BCSO detectives,

two of whom were injured and required emergency medical treatment. (*Id.* at 3-4). Defendant's mother (his now proposed third party custodian) was in the home at the time, and saw BCSO before Defendant shot at them, but retreated to the back of the house on orders from Defendant. (*Id.*) Defendant admitted shooting at officers but claimed that he did not know they were law enforcement and instead believed someone was breaking into his home. (*Id.* at 4.) A search of Defendant's residence, following the shooting, uncovered the following evidence: spent .223 caliber shell casings in the room near the front door of the residence; 2 semi-automatic AK style rifles, one of which had a loaded drum magazine, a semi-automatic AR15 rifle loaded with two 30 round magazines coupled together; over 5 grams of methamphetamine and 19 grams of suspected heroin; body armor and stockpiles of ammunition and rifle magazines. (*Id.*) Defendant was also found in possession of a short barrel (approximately 9.25 inches) AR15 style rifle in his vehicle. (*Id.* at 5.)

Defendant is prohibited from possessing firearms as he has been previously convicted of the felony crimes of possession of a controlled substance and great bodily injury by vehicle (DWI). (Doc. 1 at 2, Doc. 8). Based on these facts, and after considering the factors set forth in 18 U.S.C. § 3142(g) the Court found that the Government had demonstrated by clear and convincing evidence that no condition or combinations of conditions of release will reasonably assure the safety of any other person and the community. (Doc. 12 at 2) The Court also specifically found based on information presented at the detention hearing and in the pretrial services report that the weight of the evidence against Defendant is strong, he is subject to a lengthy period of incarceration if convicted, he has a history of violence and of use of weapons, a history of substance abuse, prior failures to appear in court as ordered, and lacks employment. (Id. at 2-3).

Nothing in Defendant's motion convinces the Court that he poses any less danger to the community now than he did in October 2019.

COVID-19 CONCERNS AND DEFENDANT'S PROPOSED RELEASE PLAN

The Court and the United States Marshals Service (USMS) take the risk of COVID-19 to in custody defendants very seriously.  Defendant has stated specific COVID-19 concerns presenting evidence of a history of asthma and possible COPB.  (Doc. 23-1, 26-1).  According to the Centers for Disease Control and Prevention (CDC), Defendant is an individual who "may be at higher risk of getting very sick from COVID-19." *See* CDC.gov, *People at Higher Risk for Severe Illness*.  Importantly however, there are no reported cases of COVID-19 among any defendants in the custody of the USMS in the District of New Mexico. Both the USMS and the facility at which Defendant is housed have implemented precautionary and preventative measures to protect inmates and staff from COVID-19.  These steps include conducting the majority of hearings by video conferencing technology to reduce COVID-19 exposure to inmates from outside sources.  The facility is also monitoring all people entering the facility for signs and symptoms of the virus and increasing hygiene, sanitizing and disinfectant procedures.  (Doc. 25-1).  The facility is implementing the same social distancing and mass gathering bans imposed by the Governor that apply to all citizens of the State of New Mexico.  (Id at 5-6).  The facility is prepared to manage any cases of COVID-19 and has a medical facility with state-of-the-art equipment including two negative pressure rooms to assist in managing infectious diseases, and has implemented a Coronavirus Medical Action Plan.  (Id.)  The facility will place inmates with symptoms compatible with COVID-19 into isolation and those who are asymptomatic but with known exposure to a person with confirmed COVID-19 into an appropriate setting in accordance

with CDC or state and local health department guidelines.  (Id. at 4).  In the case of clinical deterioration, inmates will be referred to a local hospital.  (Id.)

Defendant proposes that he be released to the third-party custody of his elderly mother on bond or on home detention with GPS monitoring and other conditions the Court deems appropriate.  Based on Defendant's history of violence, history of bringing customers to and dealing drugs out of the home he shared with his mother to which he seeks to return, and history of failing to comply with court orders and the law, the Court has no confidence that releasing him under the conditions he proposes would keep the community safe or even improve his chances of avoiding COVID-19 infection or spreading it to others.  Nor, does the Court have any reason to believe that Defendant would cooperate with any conditions of release imposed by the Court.  Given that he discharged a firearm at and injured law enforcement officers who were in the lawful discharge of their duties, the Defendant poses an extreme and unreasonable risk of harm to United States Probation and Pretrial Services Officers who would be required to supervise and monitor him if released.

The Court finds that, under 18 U.S.C. § 3142(1), "other compelling reasons" do not exist to justify reconsideration of the initial detention order and the temporary release of Defendant. Defendants motion is denied.

IT IS SO ORDERED.

_____
Kirtan Khalsa
United States Magistrate Judge